USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5 - 7-/0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JOHN WILEY & SONS, INC.,

              Plaintiff,

     -against-

DR. LILLIAN GLASS,

              Defendant.

-----------------------------------------------------------x

10 Civ. 598 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        Plaintiff John Wiley & Sons, Inc. ("Wiley") brings this action asserting claims for breach of contract, promissory estoppel and fraudulent inducement against defendant Dr. Lillian Glass. Wiley originally filed this action in the Supreme Court of the State of New York, County of New York (the "New York Supreme Court"), and Glass subsequently removed the action to this Court, invoking diversity of citizenship as the jurisdictional basis. Wiley moved to remand. Glass then moved to dismiss the Complaint based on lack of personal jurisdiction and improper venue, or in the alternative, to transfer venue to the Northern District of California. For the reasons stated below, Wiley's motion to remand is granted and Glass's motion to dismiss is terminated.

BACKGROUND

        According to Wiley's Complaint, in late September 2009, Glass entered into a release agreement with Wiley under which she "agreed to release Wiley from any copyright, contract or other claim arising out of Wiley's publishing" of a book that Glass claimed infringed upon several of her copyrights. (Compl. ¶¶ 12-16.) On November 20, 2009, Glass, filed an action in the United States District Court for the Central District of California (the "California

Action") naming Wiley as one of the defendants. (Id. ¶ 27.) On December 9, 2009, Wiley filed

the Complaint in this action, asserting causes of action for breach of contract, promissory

estoppel and fraudulent inducement. (Id. ¶¶ 29-46.)

Wiley filed its Complaint in the New York Supreme Court. (Compl.) Glass was

properly served, if at all, no earlier than December 28, 2009. (Notice of Removal ¶¶ 4-7.) While

this action was still pending in the New York Supreme Court, Glass filed a motion to dismiss for

lack of personal jurisdiction. (Docket No. 5.) Subsequently, Glass filed a timely notice of

removal on January 26, 2010. (Docket No. 1.) The notice of removal invoked this Court's

diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal ¶¶ 8-11.)

On February 4, 2010, Wiley filed a motion to remand the action to the New York

Supreme Court. (Docket No. 11.) The basis of its remand motion was that the Glass could not

demonstrate that Wiley's damages would exceed $75,000, exclusive of interest and costs. (Id.)

Wiley also sent a letter to the Court requesting to postpone briefing of Glass's then-pending

motion to dismiss in light of the motion to remand. (Docket No. 16.)

On February 8, 2010, I issued an order which stated, in part: "I am mindful that

the burden rests with the party invoking subject matter jurisdiction to establish it; in doing so,

however, that party is free to look to the plaintiff's pleading. That said, Wiley is welcome to

renounce damages in excess of $75,000 exclusive of interest and costs. It is also welcome to

produce case law supporting the proposition that a Court, in assessing whether the jurisdictional

threshold has been met, looks only to damages actually incurred on the date of filing and not

those likely to be incurred." (Id.)

Also on February 8, 2010, in response to a letter from Glass's counsel, I deemed

her then-pending motion to dismiss as withdrawn without prejudice to re-filing a motion to

dismiss addressing personal jurisdiction, improper venue and whether the case should be transferred to another venue. (Docket No. 17.)[1] Glass filed the new motion to dismiss on March 4, 2010. (Docket No. 21.)

On March 29, 2010, I issued an order noting that defendant had not responded to plaintiff's motion to remand, and stating that I would consider the motion as unopposed unless defendant filed an opposition by April 6, 2010. (Docket No. 31.) After being granted a short extension, defendant filed her opposition and accompanying materials on April 8, 2010. (Docket Nos. 38-39.) Plaintiff filed its reply on April 19, 2010. (Docket No. 40.) Defendant's motion to dismiss was fully briefed as of April 1, 2010. (Docket Nos. 29, 35.)

DISCUSSION

I. Legal Standard

The burden of demonstrating subject matter jurisdiction rests upon the party asserting it. United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). Any doubts are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 488 F.3d 112, 124 (2d Cir. 2007).

II. Glass Has Failed to Prove that the Amount in Controversy Exceeds $75,000

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

---

[1] On March 1, 2010, the New York Supreme Court granted Glass's motion to dismiss, noting that it was unopposed. (Exhibit 2 to the Declaration of Robert D. Katz, dated April 8, 2010 (the "Katz Declaration" or "Katz Decl.").) This occurred after defendant filed her notice of removal with the New York Supreme Court, and therefore, is of no effect. 28 U.S.C. § 1446(d).

action is pending." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between," completely diverse parties. 28 U.S.C. § 1332(a). It is

satisfaction of the amount in controversy requirement that Wiley challenges.

Where the issue of jurisdiction relates to the amount in controversy, a removing

defendant must show "a reasonable probability that the claim is in excess of the statutory

jurisdictional amount." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir.

2000). In determining whether the amount in controversy requirement has been satisfied, courts

"look first to the [plaintiff's] complaint and then to [the defendant's] petition for removal." Id.

In its ad damnum clause, Wiley seeks "all costs and attorneys' fees spent in any

way defending the California Action," "damages for the loss of its employees' time," and

"attorneys' fees incurred in prosecuting this action." (Compl. at 7.) Wiley's Complaint does

not, however, set forth a figure for the amount of damages it has incurred or will seek. Wiley's

Complaint also seeks punitive damages. (Id.)

Under New York law, punitive damages are not awarded as a matter of course,

even on claims of fraud. Generally, punitive damages "have been limited to 'conduct evinc[ing]

a high degree of moral turpitude and demonstrat[ing] such wanton dishonesty as to imply a

criminal indifference to civil obligations.'" Howard S. v. Lillian S., 62 A.D.3d 187, 193 (1st

Dep't 2009) aff'd ___ N.E.2d ___, 2010 WL 1704707 (Apr. 29, 2010) (quoting Walker v.

Sheldon, 10 N.Y.2d 401, 405 (1961)) (alterations in original) (fraud claim); Segal v. Cooper, 49

A.D.3d 467, 468 (1st Dep't 2008) (striking plaintiff's punitive damages claim in a breach of

contract action because "his primary claim is contract-based and there is no allegation that

defendants' conduct was directed at the public generally," nor did plaintiff allege "that

defendants' conduct in the transactions involved a high degree of moral turpitude"). Although

Wiley's complaint seeks attorneys' fees in connection with this litigation, "[g]enerally speaking,

a civil litigant cannot recover damages for his or her expenses in the prosecution or defense of an

action." Hartford Cas. Ins. Co. v. Vengroff Williams & Associates, Inc., 306 A.D.2d 435, 437

(2d Dep't 2003); Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003)

("Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and

may not be awarded to the prevailing party unless authorized by agreement between the parties,

statute, or court rule."). In addition, Wiley "has acknowledged that its attorneys' fees incurred in

prosecuting this New York-based action are not recoverable." (Pl. Reply Mem. at 2.) Thus, the

question is whether Dr. Glass has demonstrated a reasonable probability that the costs of its

employees' time, and the attorneys' fees Wiley will incur in defending the California Action will

exceed $75,000, exclusive of interest and costs.

Glass's notice of removal states that "[i]t is facially apparent from the Complaint

that Plaintiff seeks an amount in controversy in excess of $75,000, excluding interest and costs."

(Notice of Removal ¶ 11.) In support of that statement, Glass repeats the relief Wiley requested

in its Complaint. (Id.) A conclusory statement by a removing party that the amount in

controversy requirement is satisfied is not enough to invoke this Court's jurisdiction. See, e.g.,

NSI International, Inc. v. Mustafa, 09 Civ. 1536 (JFB)(AKT), 2009 WL 2601299, at *7

(E.D.N.Y. Aug. 20, 2009); Johnson-Kamara v. W. Chacon Trucking, 05 Civ. 9900 (JFK)(THK),

2006 WL 336041, at *3 (S.D.N.Y. Feb. 9, 2006). Therefore, I cannot determine, based on the

pleadings alone, that the jurisdictional amount is satisfied.

In ruling upon a motion to remand "[w]here the pleadings themselves are

inconclusive as to the amount in controversy, . . . federal courts may look outside those pleadings

to other evidence in the record." CenterMark, 30 F.3d at 305. Wiley filed the Declaration of

Joseph J. Baker, dated February 4, 2010 (the "Baker Declaration"), in support of its motion to

remand. (Docket No. 13.) The Baker Declaration states that at the time Wiley filed the

Complaint, "its only damages were the loss of time and resources its employees expended in

consideration of Dr. Glass' proposed book," which "d[id] not exceed $5,000." (Id. ¶ 4.)

According to the Baker Declaration, "[b]y the time Dr. Glass removed the state court action . . .

Wiley had expended less than $2,000 in legal fees defending the California Action," and

"[a]lthough it has retained local counsel, Wiley intends to handle most of the litigation through

its in-house litigators." (Id. ¶ 5.)

      Glass's opposition was accompanied by the Katz Declaration. (Docket No. 39.)

Attached to that declaration, was a copy of certain portions of the American Intellectual Property

Law Association's Report of the Economic Survey 2009 (July 2009). (Katz Decl. Exh. 1.)

According to that document, in 2009, the median litigation cost for litigating to conclusion a

trademark or copyright case with less than $1 million at issue – the figure cited by Glass – was

approximately $300,000. (Id.) This figure, however, includes "outside legal and paralegal

services, local counsel" and other expenses. (Id.)

      Finally, in general, "the amount in controversy is calculated from the plaintiff's

standpoint." Kheel v. Port of New York Authority, 457 F.2d 46, 49 (2d Cir. 1972). Although

neither party has addressed this issue, in this case Wiley seeks a determination that Glass

violated a release by filing the California Action. According to Wiley, if it prevails on this

claim, then "it is not properly a party in the California Action." (Pl. Reply Mem. at 1.) Thus, if

there is a reasonable probability that a release from the California Action is worth more than

$75,000, exclusive of interest and costs, then Glass has satisfied her burden.

The complaint and amended complaint in the California Action do not set forth a figure for the damages sought. Glass does request the option of statutory damages on her copyright infringement claim. But, absent a finding of willfulness, those damages are limited to $30,000 per violation. 17 U.S.C. § 504(c)(1). Thus, I cannot conclude that there is a reasonable probability that a release from the California Action has a monetary value that satisfies the jurisdictional threshold.

In sum, based on the limited amount of information available in the declarations, and other documents submitted by the parties, and the fact that I must resolve all doubts against removability, I conclude that Glass has not satisfied her burden of showing a reasonable probability that the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, the Court does not have subject matter jurisdiction of this action.

Although it is not integral to my decision, I note that Wiley has renounced damages in excess of $75,000 upon remand. In its opposition to defendant's motion to dismiss, Wiley stated: "Therefore, if the Court remands this case, Wiley would agree to confirm by affidavit that it has renounced any damages in excess of $75,000." (Pl. Opp. Memo. at 17 n.10.) This unequivocal statement was conditioned solely on this Court remanding this action to the New York Supreme Court. Wiley reaffirmed this commitment in its reply in support of its motion to remand, in which Wiley stated, "it is completely proper for Wiley to have declared following removal that it is seeking not more than $75,000, exclusive of interest and costs, if this matter is litigated separately from the California Action upon remand to the Court in which this case was filed." (Pl. Reply Memo. at 3.) The lone condition is now satisfied.

III.  Attorneys' Fees are not Appropriate

       Wiley has requested its costs, expenses and attorneys' fees incurred in moving for remand.  "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Glass had an objectively reasonable basis for removing this action, she merely failed to meet her burden of establishing jurisdiction.  Therefore, sanctions are unwarranted.

CONCLUSION

       For the reasons stated above, Wiley's motion to remand (Docket No. 11), is GRANTED.  The Clerk shall transfer the file to the Clerk for the Supreme Court of the State of New York, County of New York.  The action in this district is closed and all motions in this district are deemed terminated.

       SO ORDERED.

                             P. Kevin Castel
                        United States District Judge

Dated: New York, New York
      May 6, 2010